UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRIS APPLEWHITE, 99-A-6852 ,

                    Plaintiff,

      v.

MICHAEL McGINNIS, Superintendent, et al.,

                    Defendants.
_____

DECISION & ORDER

04-CV-6602CJS

        Plaintiff has commenced this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by subjecting him to excessive use of force. (Docket # 1). On June 13, 2005, plaintiff moved for, among other things, the appointment of counsel pursuant to 18 U.S.C. § 1915(e). (Docket # 15). This Court denied such motion finding, *inter alia*, that pursuant to *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), plaintiff had failed to demonstrate that his case was likely to be of substance. (Docket # 21). Plaintiff thereafter made two additional requests for appointed counsel (Docket ## 23, 32), which were each denied by the Court (Docket # 33). Currently before the Court is another motion by plaintiff for the appointment of counsel. (Docket # 34).

        As explained in this Court's earlier decision, the constitution does not provide a right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.  Whether the indigent's claims seem likely to be of substance;

    2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.  Whether the legal issues involved are complex; and

    5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d at 392; *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

    The Court has once again reviewed the facts presented herein in light of the factors required by law.  Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I continue to find that the appointment of counsel is not necessary at this time.  Indeed, as already noted on multiple occasions, the legal issues in this case do not appear to be complex, and, based upon the many motions and pleadings submitted thus far, plaintiff appears fully able to litigate this matter on his own behalf.  Further, plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination.  Accordingly, plaintiff's motions for appointed counsel are denied.

## **CONCLUSION**

For the foregoing reasons, it is my Decision and Order that plaintiff's motion for the appointment of counsel **(Docket # 34)** is **DENIED.**

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
          August 8, 2006.