UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRIS APPLEWHITE 99-A-6852,

                Plaintiff                 DECISION AND ORDER

       -v-                                 04-CV-6602-CJS-MWP

MICHAEL McGINNIS, *et al.*,

                Defendants

_____

INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 1983 in which the plaintiff, a prison inmate at Southport Correctional Facility ("Southport"), has alleged that Michael McGinnis ("McGinnis"), the former superintendent of Southport, John Morton ("Morton"), a Corrections Sergeant at Southport, Randy Banks ("Banks") a Corrections Officer at Southport, and Douglas Westervelt ("Westervelt"), also a Corrections Officer at Southport, violated his constitutional rights.  Specifically, he alleges that Morton, Banks, and Westervelt physically assaulted him, and that McGinnis failed to prevent the attack. On February 21, 2007, some two years after commencing this action, plaintiff filed the subject application [#39] for a temporary restraining order, alleging that certain corrections staff, who are not parties to this lawsuit, are harassing him in retaliation for him bringing this lawsuit.  For the reasons discussed below, the application is denied.

BACKGROUND

Plaintiff alleges in his application for injunctive relief that on February 6, 2007, Corrections Officers Ayers verbally harassed him for complaining to this Court in January

1

2007 about alleged mistreatment at Southport, and then tore a piece of his legal mail in half. He also alleges that on February 10, 2007, Corrections Sergeant McKeon yelled at him, again for complaining to this Court about conditions at Southport in January 2007. Additionally, plaintiff alleges that on February 11, 2007, Corrections Officer Cece tried to provoke a confrontation by standing too close to him, and then verbally harassed him. Plaintiff requests that this Court issue a temporary restraining order, directing officials at Southport to ensure that Ayers, McKeon, and Cece are not allowed to work near him or to have access to his property.

Upon receiving plaintiff's application, the Court scheduled a video conference, which was held on March 8, 2007. At the video conference, plaintiff expanded upon his allegations, claiming that there was actually a facility-wide conspiracy against him at Southport, as there was against all inmates who complained or filed lawsuits. In that regard, plaintiff explained that it would not help to simply order Ayers, McKeon, and Cece to leave him alone, because they are merely part of the larger conspiracy of persons at Southport who are intent on harassing him. Instead, plaintiff asked the Court to order all corrections staff at Southport to obey the law and leave him alone.

Defendants oppose plaintiff's application, arguing, *inter alia*, that injunctive relief would be inappropriate since Ayers, McKeon, and Cece are not parties to this action, the alleged harassment is not related to this lawsuit, and plaintiff has not met the standard for granting injunctive relief in any event.

ANALYSIS

The standard for considering an application for a preliminary injunction is well settled:

> In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor.

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (citations and internal quotation marks omitted).

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
> ***
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. See *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. See *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004). Moreover, "[t]o prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in

furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

To establish a claim of First Amendment retaliation under § 1983, a prisoner must prove: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citations omitted).  In the prison setting, "adverse action" is defined "objectively, as retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising constitutional rights." *Id*. at 381 (citation and internal quotation marks omitted).

In the instant case, plaintiff has asked for an injunction directing officials at Southport to reassign Ayers, McKeon, and Cece, to keep them away from him.  On the other hand, plaintiff contends that such a reassignment alone would have no effect, because the conspiracy to retaliate against him and other inmates who file lawsuits at Southport is all-encompassing.  Accordingly, and as he clarified at the video conference, he actually wants the Court to direct all officials and staff at Southport to obey the law and stop harassing him.  Plaintiff's application must be denied for several reasons.  First, such a broad injunction would be inappropriate. *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) ("[U]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.").  Moreover, Ayers, McKeon, and Cece are not parties to this action. *Weitzman v. Stein*, 897 F.2d 653, 658 -659 (2d Cir. 1990) ("[T]he injunction was improperly entered because it was not clearly established that the court had jurisdiction over Beverly.") (citations omitted); *In re*

*Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. ,2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). Additionally, even assuming that plaintiff had shown irreparable harm, which the Court does not find, he has not shown that he is likely to succeed on his underlying claims or that the questions he raises are sufficiently serious with the balance of hardships tipping in his favor.

## CONCLUSION

Plaintiff's application for injunctive relief [#39] is denied.

So Ordered.

Dated: Rochester, New York
    March 31, 2007    ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

5