UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRIS APPLEWHITE 99-A-6852,

                Plaintiff                DECISION AND ORDER

          -v-                      04-CV-6602-CJS-MWP

MICHAEL McGINNIS, *et al.*,

                Defendants
_____


This is an action brought pursuant to 42 U.S.C. § 1983 in which the plaintiff, a prison inmate confined at Southport Correctional Facility ("Southport"), has alleged that Michael McGinnis ("McGinnis"), the former superintendent of Southport, John Morton ("Morton"), a Corrections Sergeant at Southport, Randy Banks ("Banks") a Corrections Officer at Southport, and Douglas Westervelt ("Westervelt"), also a Corrections Officer at Southport, violated his constitutional rights. Specifically, he alleges that on December 4, 2001, Morton, Banks, and Westervelt physically assaulted him, and that McGinnis failed to prevent the attack. A jury trial in this matter is scheduled for December 1, 2008.

Now before the Court is Plaintiff's application [#61] for appointment of counsel. In support of the application, Plaintiff states that the issues involved in the case are complex, and that he has a limited education. Plaintiff also indicates that his access to the prison law library is limited, due to the fact that he is confined to the Special Housing Unit ("SHU"). Plaintiff also alleges that he has contacted numerous attorneys about this case, but none have agreed to represent him.

1

The Court must consider certain factors in deciding whether or not to appoint counsel. There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Here, the Court assumes that Plaintiff's claim is likely to be of substance, since it has survived summary judgment. However, the Court does not believe that appointment of counsel is warranted. In that regard, the Court notes that Plaintiff is articulate and communicates well. Plaintiff has filed numerous motions in this action and successfully defended his claims against Defendants' summary judgment motion. Therefore, although the case involves conflicting evidence implicating the need for cross-examination, Plaintiff is capable of trying the case. Moreover, the legal and factual issues in the case are not complex. Additionally, Plaintiff has had the opportunity to investigate the facts of this case through discovery, and discovery is now closed. And

finally, the Court finds that there are no special reasons why appointment of counsel would be more likely to lead to a just determination.  Accordingly, Plaintiff's application [#61]for appointment of counsel is denied.

      So Ordered.

Dated: Rochester, New York
      September 25 , 2008          ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

3